JOHN STEARNS AND CHARLES C. BOYD, RESPONDENTS, *v.* JAMES McGINTY, APPELLANT.

*Measure of damages resulting to the owner of ewe lambs, by reason of their pregnancy caused by the trespass of buck lambs into their pasture.*

In an action, brought to recover damages arising from the escape of three buck lambs from the premises of the defendant onto the land of the plaintiffs, by which the ewe lambs of the plaintiffs were gotten with lambs out of season, so that the lambs were dropped during such cold weather that twenty-nine of them were frozen to death, the measure of damages is not the value of the lambs perishing by reason of being born in inclement weather, but is the difference between the plaintiffs' ewes for breeding and other purposes, as they were at the time of the trespass by the buck lambs and as they were thereafter.

APPEAL by the defendant from a judgment of the County Court of the county of Allegany, entered in the office of the clerk of Allegany county on the 3d day of April, 1888, which affirmed a judgment of a justice of the peace, in favor of the plaintiffs, for the sum of twenty-three dollars and thirty-seven cents damages and five dollars costs.

*Dolson & Orcutt,* for the appellant.

*L. C. Van Fleet,* for the respondents.

MACOMBER, J.:

This action was brought to recover damages alleged to have been sustained by the plaintiffs by reason of the escape of three buck lambs from the premises of the defendant to those of the plaintiffs, by reason whereof such buck lambs got thirty-two ewes, belonging to the plaintiffs, with lamb out of season, so that their lambs were dropped during such cold winter weather as that twenty-nine thereof were frozen to death.

The plaintiffs did not own the ewes in common, but held them in common for the purposes of raising lambs. One of the plaintiffs owned the land upon which the ewes were pastured, while the other had no interest therein. Their common interest was in maintaining the sheep upon the lands of Stearns and procuring an increase thereof in which they should share in certain proportions. No question was raised below, that the action could not be maintained jointly by these parties.

The only matter in controversy seems to be the measure of damages which is applicable to the facts of the case. It was assumed by counsel in the County Court, as well as in this court, that the measure of damages adopted by the justice of the peace, was the value of the lambs so perishing by reason of being born in very inclement weather; and the learned county judge has written an elaborate opinion sustaining the contention that such rule was the true one. An inspection of the record, however, shows that this question of the measure of damages has no proper place in this appeal. The evidence leads to the conclusion that the escape of the defendant's rams would quite naturally lead to the result that actually happened, namely, the pregnancy of the ewes and the dropping of this increase out of season, in the latter part of February and the fore part or the middle of March. The cost of raising lambs until they become marketable was also shown. The proportion of lambs that would be lost when born in proper season was likewise shown. All facts relating to the measure of damages in such cases, seem to have been gone into on the trial, save only the likelihood of injury to the mother when lambing out of season. Much of this evidence is now objected to and is claimed to be directed to an erroneous measure of damages as before stated. No exception was taken to any of it before the justice; and we are unable to find the origin in this printed record of the idea that the trial court found, as a matter of fact, that the damages were to be measured by the value of the lambs at the time they were unseasonably dropped. The true measure of damages, if we must state it, would be, in this case, the difference between the plaintiffs' ewes for breeding and other purposes as they were at and as they were after the time of the trespass. There is nothing in the judgment to show that the justice of the peace adopted any other criterion. He presumably took into con-

sideration all of the testimony of the witnesses, and probably, to some extent, his own observation of the matter, aided, doubtless, by consultation with his neighbors. His judgment is as follows: "On the 21st day of November, 1885, after waiting four days and after due deliberation, I render judgment in favor of said plaintiffs and against said defendant for the sum of $23.37." There is nothing in the appeal papers to show that he arrived at this result by any erroneous methods. The niceties of the complex question of the measure of damages did not deflect his judgment.

The judgment should be affirmed, with costs.

Barker, P. J., and Dwight, J. concurred.

Judgment affirmed, with costs.